| | |
|---|---|
| DISTRICT COURT, COUNTY OF DENVER, STATE OF COLORADO<br>1437 Bannock Street,<br>Denver, CO 80202 | DATE FILED: April 5, 2017 2:47 PM<br>FILING ID: 89B6683A60A7D<br>~~CASE NUMBER: 2017CV31244~~ |
| **Plaintiff:** DAWN OSBORNE<br><br>v.<br><br>**Defendant:** ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY. | ▲ COURT USE ONLY ▲ |
| *Counsel for Plaintiff:*<br>Jordan S. Levine, No. 23877<br>Andrew J. Phillips, No. 40283<br>Sarah G. Freedman, No. 48356<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO 80246<br>Phone: (303) 333-8000<br>Fax: (303) 333-8005<br>Emails: jordan@levlawllc.com<br>andrew@levlawllc.com<br>sarah@levlawllc.com | Case No. 16-CV-<br><br>Division |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW Plaintiff, Dawn Osborne, by and through her attorneys, Levine Law, LLC, and for her Complaint against Defendant, Allstate Fire and Casualty Insurance Company, states and alleges as follows:

## BACKGROUND/GENERAL ALLEGATIONS

1. Plaintiff, Dawn Osborne, (hereinafter "Plaintiff" or "Plaintiff Osborne") is a named insured under a policy of automobile insurance with Defendant Allstate Fire and Casualty Insurance Company, Policy Number 964959332. Said insurance policy calls for $100,000.00 in Underinsured Motorist Coverage.

2. At all times relevant hereto, Plaintiff, Dawn Osborne, resided 1300 S. Willow St., #9-101, Denver, CO.

3. Defendant, Allstate Fire and Casualty Insurance Company, (hereinafter "Defendant" or "Defendant Allstate"), is a foreign Illinois corporation, authorized to do business in the State of Colorado, with a registered agent located at 1560 Broadway, Suite 850 City and County of Denver, State of Colorado 80202.

4. Defendant Allstate is a for profit insurance company that regularly transacts business in the State of Colorado including the City and County of Denver.

5. On March 10, 2014 at approximately 5:30 a.m., Plaintiff was a restrained driver in her 2013 Jeep Patriot, making a left turn onto East Florida Avenue from southbound South Willow Street with a green turn signal. At the same time and place, Rita Duart, driving a 2003 Kia Sorento, failed to stop for her red traffic signal and t-boned into Plaintiff Osborne. The impact was so severe that the 2013 Jeep Patriot rolled onto its right side and was valued as a total loss. Ms. Duart was cited for "Careless Driving Caused Bodily Injury."

6. Plaintiff sustained significant bodily injuries in this motor vehicle accident which occurred on March 10, 2014 and she has incurred substantial medical expenses as a result of said bodily injuries.

7. At the time of the March 10, 2014, accident, Plaintiff was insured under a policy of automobile insurance from Defendant Allstate as set forth above.

8. At all times relevant hereto and at the time of the accident, all of Plaintiff's premiums with Defendant Allstate were paid and were current. The subject insurance policy was in full force and effect at this time of the accident.

9. Plaintiff promptly notified Defendant Allstate of the accident.

10. Upon information and belief, there are no mandatory arbitration provision(s) contained in Plaintiff's insurance policy with Defendant Allstate.

11. The aforesaid policy of insurance covered Plaintiff for, among other things, Underinsured Motorist Bodily Injury benefits up to the amount of $100,000.00 pursuant to C.R.S. 10-4-609.

12. Defendant Allstate provided Plaintiff with permission to settle her underlying claim against the driver of the vehicle responsible for the accident, Rita Duart for policy limits.

13. Plaintiff and Defendant Allstate have been unable to resolve Plaintiff's Underinsured Motorist Claims.

14. Pursuant to the terms of Plaintiff's automobile insurance policy with Defendant Allstate, Plaintiff has two years after settling her claims against Rita Duart to bring an Underinsured Motorist Claim against Defendant Allstate.

15. This Court has jurisdiction over the subject matter of this action and the parties hereto and venue is proper in the City and County of Denver, State of Colorado as the place where Defendant Allstate conducts business and its Registered Agent is located.

16. Subject matter jurisdiction is proper in this Court as the probable amount of recovery exceeds the county court limitation pursuant to the Colorado Revised Statutes.

2

## FIRST CLAIM FOR RELIEF
### (Violation of §10-3-1115, and §10-3-1116 C.R.S.A. – Defendant ALLSTATE)

17. Plaintiff incorporates paragraphs 1 through 16 above as though fully set forth herein.

18. The purpose of the Uninsured/Underinsured Motorist Statute, C.R.S. §10-4-609, *et seq.*, is to enable an insured to obtain compensation from his/her automobile liability or motor-vehicle liability insurer for a loss resulting from negligent conduct of an uninsured or underinsured motorist that is equal to the compensation obtainable for the negligent conduct of a properly insured motorist.

19. Insurance carriers owe their insureds a duty of good faith and fair dealing, are required to abstain from deceptive or misleading practices, and must keep, observe and practice the principles of law and equity in all dealings with their insureds. See C.R.S. §§10-1-101, 10-3-1113.

20. Colorado statutes identify unfair methods of competition and unfair or deceptive acts or practices in the business of insurance, including, but not limited to the following:

   a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issues (C.R.S. §10-3-1104(h)(I)).

   b. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policy (C.R.S. §10-3-1104(h)(III)).

   c. Refusing to pay claims without conducting a reasonable investigation based upon all available information (C.R.S. §10-3-1104(h)(IV)).

   d. Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear (C.R.S. §10-3-1104(h)(VI)).

   e. Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds (C.R.S. §10-3-1104(h)(VII)).

   f. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement (C.R.S. §10-3-1104(h)(XIV)).

21. Additionally, Colorado law prohibits an insurance carrier from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of any first-party claimant (C.R.S. §10-3-1115(1)(a)), including a first-party claimant of uninsured and/or underinsured motorist insurance benefits.

3

22. Pursuant to Colorado Law, specifically Colorado Revised Statutes §10-3-1115 and §10-3-1116, where an insurer acts on a first party claim with unreasonable delay or denial, the insured has an additional civil action for statutory bad faith against the insurer. Pursuant to these statutes, the insured is thus further entitled to recover attorney's fees, court costs, statutory interest, the covered benefit and twice the amount of each of the covered benefit as a monetary penalty in a Colorado District Court action. Defendant is responsible pursuant to C.R.S. §§10-3-1115 and 1116 for its failure to timely pay and is responsible under said statutes as its failure to pay the undisputed uninsured motorist portion.

23. Plaintiff's Underinsured Motorist coverage benefit is $100,000.00. Therefore, there is a potential for recovery of twice the covered benefit's amount plus the actual benefit amount, or $300,000.00 for the Underinsured Motorist coverage, plus attorney's fees, court costs and statutory interest.

24. Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

## SECOND CLAIM FOR RELIEF
**(Breach of Contract – Defendant ALLSTATE)**

25. Plaintiff incorporates paragraphs 1 through 24 above as though fully set forth herein.

26. The policy issued by Defendant Allstate constitutes a contract for Underinsured Motorist Coverage.

27. Plaintiff has performed all obligations imposed upon her by the policy of insurance.

28. Plaintiff has made a demand for receipt of Underinsured Motorist benefits to Defendant Allstate under the above-named insurance policy.

29. Defendant Allstate has failed to adequately and properly respond to Plaintiff's demand.

30. Because of Defendant's actions, as detailed above, and other misconduct that may be revealed in discovery, Defendant Allstate has breached the terms of a contract of insurance by failing to fulfill its duties as set forth in the policy.

31. As a direct and proximate result of Defendant Allstate's breach of contract of insurance, Plaintiff, as a foreseeable consequence, has been substantially damaged, has been forced to incur expenses, costs, and attorney's fees.

32. All damages to Plaintiff are in the past, present, and future whether so specifically delineated in each paragraph or not.

4

33. Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and he has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

### THIRD CLAIM FOR RELIEF
### (Bad Faith Breach of the Covenant of Good Faith- Defendant Allstate)

34. Plaintiff incorporates paragraphs 1 through 33 above as though fully set forth herein.

35. By virtue of the insurance policy issued to Plaintiff at the time of the March 10, 2014, automobile collision, Defendant Allstate owed and owes to Plaintiff a duty of good faith and fair dealing in fulfilling its duties to the Plaintiff.

36. Defendant's duties to Plaintiff include, among other things, the responsibility to give priority to the Plaintiff's interests over its own, and to protect Plaintiff's economic interests and peace of mind.

37. By intentionally and willfully and/or without any substantial justification failing and refusing to pay Plaintiff's claim in a timely manner despite the validity thereof, Defendant Allstate has breached its good faith obligation of fair dealing with Plaintiff, and has committed the tort of Bad Faith Breach of Covenant of Good Faith, acting without a reasonable basis in law or fact.

38. The aforementioned breach by Defendant Allstate of its good faith obligation of fair dealing includes, but is not limited to the following acts and/ or omissions:

   a. Failure to properly and adequately investigate Plaintiff's claims;

   b. Failure to act reasonably prompt in the adjustment of Plaintiff's claim for Underinsured Motorist coverage;

   c. Failure to acknowledge and act reasonably prompt upon communications with respect to claims;

   d. Failure to promptly provide a reasonable explanation of the basis in the insurance policy in relation to denial of claim; and

   e. Failure to comply with C.R.S. § 10-3-1101 et. seq.

39. Pursuant to *Fisher v. State Farm*, 2015 WL 2198515, Allstate is legally obligated to not unreasonably delay or deny payment of the reasonable value of Allstate's claim. Allstate has failed and/or refused to tender payment to Plaintiff.

5

40. As a direct and proximate result of Defendant Allstate breaching their duties to the Plaintiff, Ms. Osborne has been injured and has been caused to incur expenses, costs and attorney's fees.

41. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

42. Plaintiff, at all relative times, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

a. Pursuant to C.R.S. §10-3-1115, Plaintiff is entitled to bring this action and seek the relief requested;

b. Pursuant to C.R.S. §10-3-1116, Plaintiff is entitled to bring this action and to also recover, court costs, plus two times the amount of the first party covered benefit; and

c. For actual damages, pre and post judgment interest on all claims pursuant to the Colorado Revised Statutes, costs, expert witness fees, statutory interest and such other and further relief which this Court deems to be just, fitting and proper.

**PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS.**

DATED this ___ day of April, 2017.

LEVINE LAW, LLC

Signed original document maintained and available pursuant to Rule 121

/s/ Sarah G. Freedman, Esq.

Jordan S. Levine, No. 23877
Andrew J. Phillips, No. 40283
Sarah G. Freedman, No. 48356
Attorneys for Plaintiff

**Plaintiff's Address**:
1300 S. Willow Street #9-101
Denver, CO 80247

6